UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| DONALD BRUCE ROBERTS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:14-cv-0102-TWP-WGH |
| OFFICER D. MORRIS, et al., | ) |
| Defendants. | ) |

**Entry Granting *In Forma Pauperis* Status, Discussing Complaint,
Dismissing Insufficient Claims, and Directing Further Proceedings**

The plaintiff's motion to proceed *in forma pauperis* (dkt. 2) is **granted**. No assessment of an initial partial filing fee is feasible at this time.

**I. Background**

Because plaintiff Donald Bruce Roberts is a Aprisoner@ as defined by 28 U.S.C. ' 1915(h) when he filed his complaint, the Court has screened his complaint as required by 28 U.S.C. ' 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007).

Mr. Roberts' claims are brought pursuant to 42 U.S.C. § 1983. He is confined at the Floyd County Jail. He brings this civil rights complaint against two defendants: 1) Officer D. Morris and 2) Officer R. Vest.[1] He alleges that on March 17, 2014, Officer Morris kicked him twice while he was brushing his teeth. Mr. Roberts further alleges that on May 24, 2014, Officer Vest told a visitor that he, Mr. Roberts, was a "n- hating honky." He seeks compensatory damages.

---

[1]The Floyd County Jail, to the extent it is also named as a defendant, is **dismissed** because it is a building, not a "person" subject to suit under section 1983.

## II. Screening

To satisfy the notice-pleading standard of Rule 8(a)(2) of the *Federal Rules of Civil Procedure*, a complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Such a statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Mr. Roberts are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Calling an inmate derogatory names is unprofessional but it does not rise to the level of a constitutional violation. *See Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987) (making racially derogatory remarks is unprofessional and inexcusable but does not support a constitutional claim); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (verbal threats and name calling are not actionable under section 1983). **The claim against Officer Vest is dismissed for failure to state a claim upon which relief can be granted.**

No partial final judgment shall issue as to the claims dismissed in this Entry. The clerk shall **update the docket** to reflect the dismissal of defendant Officer Vest and the Floyd County Jail.

## III. Service of Process

The claim of excessive force alleged against Officer Morris shall proceed.

The clerk shall **issue and serve process** on defendant Officer D. Morris in the manner specified by *Fed. R. Civ. P.* 4(d)(2). Process in this case shall consist of the complaint filed on August 25, 2014, applicable forms, and this Entry.

**IT IS SO ORDERED.**

Date: 9/4/2014

Distribution:

Donald Bruce Roberts
#24506
Floyd County Jail
Inmate Mail/Parcels
P. O. Box 1406
New Albany, IN 47150

Officer D. Morris
Floyd County Jail
P. O. Box 1406
New Albany, IN 47150

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**